Jose Luis **VAZQUEZ MORALES**, et al., Plaintiff,

v.

**ESTADO LIBRE ASOCIADO DE PUERTO·RICO, et al., Defendant.**

Civil No. 96–2308(JP).

United States District Court, D. Puerto Rico.

July 7, 1997.

Ricardo Ruiz Díaz, Carolina, PR, for Plaintiff.

Miriam Soto Contreras, Dept. of Justice, Federal Litigation Div., San Juan, Iris M. Muñiz Rodríguez, San Juan, PR, for Defendant.

*ORDER*

PIERAS, Senior District Judge.

In an Opinion and Order dated June 3, 1997, this Court granted defendants' motions to dismiss, including dismissal of plaintiffs', claims against the University of Puerto Rico on Eleventh Amendment grounds. The Court held such claims were clearly barred by existing case law, and included numerous citations. As attorney Ricardo Ruiz Diaz made no argument for reversal of these precedents, the Court ordered him, pursuant to Rule 11(c)(1)(B), to show cause on or before June 30, 1997, why he had not violated Rule 11(b) in presenting these claims and why he should not be made to bear defendant University of Puerto Rico's attorney's fees in this action.

On June 30, 1997, attorney Ruiz Diaz moved to show cause (docket No. 18). In his motion, attorney Ruiz Diaz alleged that the law is unclear regarding whether the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C.A. § 1395dd (West 1992), abrogated the states' Eleventh Amendment immunity. We agree that arguments to that effect are not frivolous. However, attorney Ruiz Diaz did not allege that the University of Puerto Rico had violated EMTALA by sending plaintiff to another hospital before he was stabilized, but rather that it had violated Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 § 5141 (1990), by leaving a gauze inside him during a 1995 operation. We quote from paragraph 9 of the complaint:

> Supplemental Federal Jurisdiction is invoked pertaining to claims against codefendants University of Puerto Rico, (hereinafter referred to as "UPR") and its surmised insurance company (ABC Insurance Company), for damages resulting from his [sic] negligence, breach of duty

and medical malpractice, ensuing in personal harm to the Plaintiffs, who maintain that all claims herein instituted arise from a common nucleus of operative facts. This supplemental jurisdictional claim **is based on Article 1802 of the Civil Code of Puerto Rico. (31 LPRA 5451)[sic]. This is a medical malpractice action, arising from the medical tending of Jose Luis Vazquez Morales at the University Hospital of the Rio Piedras Medical Center, in San Juan, Puerto Rico.**

In paragraphs 5 and 10 of the opposition to University of Puerto Rico's motion to dismiss, attorney Ruiz Diaz wrote:

A brisk review of plaintiff [sic] allegations will confirm the fact that defendant University of Puerto Rico was incorporate [sic] in this complaint, pursuant to plaintiffs invoking supplemental Jurisdiction.

.  .  .  .  .

Defendants argument as to its nature as an "arm of the state" seems of no actual assistance to the controversy on hand, **since it is not being entailed in this action as violating EMTALA, but as a potential responsible party to damages for medical malpractice.**

(emphasis added). These allegations make clear that the claim against the University of Puerto Rico was based on medical malpractice, not violation of EMTALA. Obviously, supplemental jurisdiction would be unnecessary if plaintiff were alleging a violation of EMTALA, a federal statute. Thus, even if a good faith argument could be made that Congress abrogated the states' Eleventh Amendment immunity in enacting EMTALA, such a position bears no relation to the claims asserted against the University of Puerto Rico.

The Court finds that attorney Ruiz Diaz violated Rule 11 in asserting medical malpractice claims against the University of Puerto Rico without making a non-frivolous argument for disregarding the existing precedents holding that the University is protected from such claims by the Eleventh Amendment. The purpose of the authority to impose sanctions is to make the bar conscious that frivolous complaints produce cost and delay through the calendar of the judge,

consequently affecting all cases pending. This notice should serve the purpose of a sanction. Plaintiff's attorney is advised to be more careful in the future in studying whether his client has a cause of action in accordance with the law and jurisprudence before filing a complaint.

IT IS SO ORDERED.